IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CHARLES BLASSINGAME, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 5:14-cv-00399 (MTT) (CHW) |
| | : | |
| Warden CEDRIC TAYLOR, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Petitioner alleges, and Respondent does not deny, that Petitioner entered a negotiated plea to one count of felony murder on October 10, 1990.[1] In exchange for his plea of guilty, petitioner was sentenced to a term of incarceration for life, with the possibility of parole. Petitioner alleges that on October 9, 2002, Petitioner received correspondence from The Georgia State Board of Pardon and Paroles (Board) informing him that "the Board will not consider [his] case for parole during the term of this sentence." (Doc. 9, pg. 17). This denial forms the basis of Petitioner's habeas petition. Petitioner seeks to have his "sentence vacated and [to be] released" and alleges that the Board has violated his rights by failing to review his parole eligibility or otherwise grant him parole. (Doc. 9, pg. 15; Doc. 1, pg. 1).

II. AEDPA's Limitations Period

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a 1-year limitations period on petitioners for habeas corpus relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Ordinarily, as here, AEDPA's 1-year limitations period runs from "the date on

---

[1] Neither party provided the court with appropriate proof of petitioner's sentence; however, petitioner provided a sentence computation report from the Georgia Department of Correction. (Doc 9, pg. 16).

1

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Georgia law does not provide an administrative method by which a prisoner serving a life sentence can appeal an adverse decision made by the Board. *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). Instead, when a prisoner wishes to challenge the denial of parole or a parole hearing, he may petition for a Writ of Mandamus in state court. *Id*. Thus, when the Board declined to consider Petitioner's case for parole on October 9, 2002, its decision constituted a final action and Petitioner had the factual predicate for his claim. At that time, the statute of limitations was triggered. *Id*. Had petitioner properly filed a petition for Writ of Mandamus in state court, the limitations period "probably" would have been tolled. *Id*. at 1308, n.3; *But see Hawes v. Howerton*, 335 Fed.Appx 862, 885 (11th Cir. 2009) (The 11th Circuit has not yet addressed "whether a state mandamus petition challenging a Parole Board decision constitutes an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2)."). However, petitioner does not allege to have filed any state court action addressing the October 9, 2002 letter. Instead, he filed this federal habeas action on November 14, 2014 – over a decade after the statute had run.[2]

Although the instant federal habeas petition is untimely, District Courts may equitably toll AEDPA's limitations period where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010). Petitioner argues that he has made numerous attempts to address this issue because he "contacted all government offices in Georgia" and "contacted the clerk of this honorable court, asking for assistance in getting arrest warrants issued for members

---

[2] Petitioner argues that the factual basis for his claim began in 2009 when he became eligible for parole, but the record is quiet regarding any decision the Board may have made in 2009. (Doc. 9, pg. 7). Moreover, even if the factual predicate for the claim first existed in 2009, it would still be unexhausted and untimely.

of the Georgia Parole Board."[3]  Construed liberally, petitioner is arguing that he has pursued his rights diligently.  Petitioner has made no claim that some extraordinary circumstance stood in his way, and his claims regarding diligence are not supported by the record.  Moreover, and as this Court has previously noted, ignorance of the law is not generally grounds for equitable tolling.  *See, e.g.*, *Gardner v. Walker*, 2005 WL 1127137 (M.D. Ga. May 7, 2005).  Thus, petitioner's petition is clearly untimely.

I.  Exhaustion

Respondent argues, and the record shows, that Petitioner has not exhausted his state remedies by seeking a writ of mandamus.  An application for a writ of federal habeas corpus may not be granted "unless the petitioner has exhausted all available state court remedies regarding that claim."  *Gore v. Crews*, 720 F.3d 811, 815 (11th Cir. 2013); 28 U.S.C. 2254.  Incarcerated individuals challenging an adverse parole decision from the Board must file a petition for Writ of Mandamus in state court to complete state exhaustion.  *Davis v. State Bd. Of Pardons and Paroles*, 271 Fed. Appx. 975 (11th Cir. 2008) (unreported).  Here, the Board issued its decision against Petitioner on October 9, 2002. (Doc. 9, pg. 7).  Petitioner alleges that he filed a state habeas action challenging his conviction, and appealed the decision to the Georgia Supreme Court[4], but does not claim to have raised the current issue in any state action. (Doc. 9, 6-8).  Because nothing in the record indicates that state remedies are "unavailable" to Petitioner, or that they would prove to be "ineffective" to protect Petitioner's rights, 28 U.S.C. § 2254(b), Petitioner has failed to exhaust his state court remedies prior to filing this federal habeas action.

---

[3] Petitioner sent a letter to the U.S. Attorney's Office on November 9, 2014. (Doc. 1). Petitioner sent a similar letter to the U.S. District Clerk's Office on November 24. 2014.  (Doc. 3)  Both letters requested help in obtaining arrest warrants against "the members of the Georgia Parole Board." (Doc. 3).  As a result of these letters, a 28 U.S.C. § 2254 habeas action was docketed for petitioner on November 14, 2014.  (Doc. 7).

[4] Petitioner has failed to provide the court with sufficient documentation to determine if such an action was in fact filed.  However, petitioner claims that the date of the habeas court's decision was October 10, 1990, which is the same date petitioner plead guilty. (Doc. 9, pg. 6).  October 10, 1990, pre-dates the factual basis for his current claim. (Doc. 9, pg. 6-8).

Therefore, it is **RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 13) be **GRANTED**, and that the instant Petition be **DISMISSED** as untimely and for failure to exhaust state remedies. Additionally, pursuant to the requirements of Rule 11 of the rules governing Section 2254 cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is **FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 18th day of August, 2015.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge